**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 23 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EULALIA DIEGO-PEDRO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-49

Agency No.
A213-082-665

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 7, 2023**
Pasadena, California

Before: GRABER and OWENS, Circuit Judges, and TUNHEIM, District
Judge.***

Eulalia Diego-Pedro, a citizen of Guatemala, petitions for review of the

Board of Immigration Appeals' (BIA) dismissal of her appeal from the

Immigration Judge's (IJ) denial of her application for asylum, withholding of

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable John R. Tunheim, United States District Judge for
the District of Minnesota, sitting by designation.

removal, and relief under the Convention Against Torture (CAT). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the agency's legal conclusions de novo and its factual findings for substantial evidence; factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude the contrary." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (quoting 8 U.S.C. § 1252(b)(4)(B)). Whether a petitioner's proposed particular social group (PSG) is cognizable is a question of law that we review de novo. *Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021).

1.      Where, as here, the agency held that the petitioner's application for asylum is time-barred, our jurisdiction is limited to considering "whether the BIA erred in deciding that the undisputed facts . . . did not constitute extraordinary circumstances." *Alquijay v. Garland*, 40 F.4th 1099, 1102 (9th Cir. 2022). Diego-Pedro has not demonstrated that her ignorance of asylum laws and lack of education are extraordinary circumstances excusing her twelve-year delay in filing. *See id.* at 1103 (acknowledging that ignorance of asylum requirements and lack of English skills did not excuse delay).

2.      For withholding of removal, substantial evidence supports the BIA's finding that the harm Diego-Pedro fears bears no nexus to her anti-gang political opinion. The record does not compel the conclusion that she, her father, or people in her community were harmed due to a political opinion rather

2

than because of general violence. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that a "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").[1]

Additionally, Diego-Pedro's proposed PSGs are not cognizable because they lack particularity and social distinction. *See, e.g.*, *Santos-Ponce*, 987 F.3d at 890 (find that a PSG of "minor Christian males who oppose gang membership" lacked particularity and social distinction).[2]

3.  Substantial evidence supports the BIA's determination that Diego-Pedro failed to show that she will more likely than not be tortured upon removal. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam). Diego-Pedro was not tortured in the past and the evidence of

---

[1] Diego-Pedro argues that we should remand in light of the vacatur of *Matter of A-B-*, 27 I. & N. Dec. 316 (AG 2018) (*A-B- I*) by *Matter of A-B-*, 28 I. & N. Dec. 307 (AG 2021) (*A-B- III*). But neither the IJ nor BIA decisions relied on *A-B- I* or its reasoning.

[2] We disagree with the BIA's finding and the government's argument that Diego-Pedro forfeited or failed to exhaust her social-group-based claims. Exhaustion requires notice, not skillful execution. *See Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) (requiring only that the BIA was "sufficiently on notice" to decide on the issue). In her brief to the BIA, Diego-Pedro argued that she "met her burden for asylum," and the IJ "erred as a matter of law and abused its discretion when it found" no nexus between "her social groups" and the harm she fears. This was sufficient to put the BIA on notice of the implicit argument that her PSGs were cognizable. *See, e.g.*, *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam) (finding exhaustion where the petitioner raised only the broad legal claim of seeking reversal of the agency's denial of CAT relief).

generalized violence and corruption does not compel a conclusion that she faces a particularized risk of torture in the future. *See Santos-Ponce*, 987 F.3d at 891.

The stay of removal remains in place until the mandate issues.

**PETITION DENIED.**